## Richmond.

### HODGKIN v. McVEIGH.

#### MARCH 27th, 1890.

1. ADVERSARY POSSESSION—*Landlord and tenant.*—Party residing with tenant and helping to pay the rent, thereby admits landlord's title, and can acquire no right to the premises by adverse possession against the landlord.

2. CONFISCATION SALE—*Claimant under purchaser at.*—Such party claimed said premises under a purchaser thereof in confiscation proceedings against the owner, who afterwards received the premises from said purchaser in ejectment: *held,* purchaser having no title could confer none to the premises.

Appeal from decree of circuit court of city of Alexandria, rendered March 23, 1888, in a suit wherein Wm. H. F. Hodgkin, the appellant, was complainant, and William N. McVeigh and others were defendants. Opinion states the case.

*W. Willoughby,* for the appellant.

*John M. Johnson,* for the appellees.

HINTON, J., delivered the opinion of the court.

The facts of this case are these : In 1855 the appellee, William N. McVeigh, purchased and obtained a fee-simple title to the lot of land in controversy, which lies in the county of Fairfax and adjacent to the city of Alexandria. During the late

war this lot of land was confiscated, and, as it appears, was bought by one Enoch Grayson at the sale. In 1874 McVeigh brought his action of ejectment against said Grayson, who was then in possession, and in January, 1875, recovered a judgment for the premises. Under the writ of possession awarded in the case, McVeigh was, on the 25th of February, 1875, put in actual possession of the land by the sheriff. After McVeigh took possession in 1875, he rented the house to a Mrs. Hodgkin, with the knowledge of her son, William H. F. Hodgkin, the appellant, who lived with her; and it would seem that rent was paid McVeigh by both mother and son—the mother paying in money and the son paying in work. In 1885 McVeigh, desiring to get possession of the house from Mrs. Hodgkin, who seems to have been living apart from her husband for very many years, brought an action of unlawful detainer, and obtained judgment for the possession against her. He was about to be put in possession by the sheriff when the plaintiff, William H. F. Hodgkin, instituted this suit, and obtained an injunction enjoining the sheriff from doing so. This appears to be the first time that McVeigh ever heard of plaintiff's claim to this land. The circuit court overruled the demurrer to the bill, but at the hearing entered a decree dissolving the injunction and dismissed the bill, and from this decree Hodgkin has appealed.

But we think there is no merit in this contention. McVeigh's title was made perfect by the possession which he acquired under the ejectment proceedings in 1875, and since that time it is absurd for the appellant to pretend that he has had adverse possession, for the facts show beyond question that he has been, at least for a portion of the time, paying rent in work. Besides, as the record shows, the appellant claims title through the said Enoch Grayson, and by virtue of the confiscation proceedings; and those proceedings being, in our judgment, absolutely void, "because the answer, claim, and appearance of" McVeigh "* * * was stricken from the files of the court before the

decree and sentence " in the confiscation proceedings " were entered," it is plain that Grayson could acquire no valid title to the property, nor could the purchasers from him. The decree complained of is therefore right, and must be affirmed.

DECREE AFFIRMED.